UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALLY J. HAWKINS,

        Plaintiff,                      Hon. Richard Alan Enslen

v.                                                  Case No.  1:05-cv-23

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

### ORDER

This matter is before the Court on Plaintiff's Application for Fees and Other Expenses under the Equal Access to Justice Act.  Plaintiff's counsel seeks $3,627.50 in fees and costs.  As discussed below, counsel's motion is **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action.  *See* 28 U.S.C. § 2412(d)(1)(A).  While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The burden rests with the Commissioner to establish that her position was substantially justified, *see Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir.

May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence does not mean that it was not substantially justified. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

As detailed previously, the Commissioner's decision was reversed and this matter remanded for further factual findings because the ALJ failed to properly evaluate the opinions expressed by Plaintiff's treating physician. Having failed to comply with the relevant legal standard applicable to evaluating the opinions of treating physicians, the Commissioner cannot reasonably assert that her position is legally justified. In sum, the ALJ's decision was not substantially justified. However, as detailed below the Court finds that counsel's request is excessive and unreasonable.

        a.       Amounts Requested for Work Performed by Legal Assistant

Counsel asserts that it required 1.5 hours to prepare the complaint, summons, cover sheet, and letter to the Court. The Court finds that compensation for 1.0 hour's effort is appropriate. Counsel further asserts that it required 2.0 hours to prepare the final draft of Plaintiff's brief and 1.5 hours to prepare Plaintiff's reply brief. The Court finds that compensation of 1.0 hour for each of these tasks is appropriate. In sum, while counsel seeks to recover for 11.50 hours of work performed by his legal assistant, the Court finds that only 9.5 hours of such work is properly recoverable, at a rate of $60 per hour, for a total compensation of $570 for legal assistant work performed.

        b.       Amounts Requested for Counsel's Efforts

Counsel asserts that he spent 2.0 hours proofreading Plaintiff's brief and 2.0 hours reading Defendant's brief. The Court finds that compensation of 1.0 hour for each of these tasks is appropriate. Counsel claims that it required 4.0 hours to draft Plaintiff's reply brief and 1.5 hours to proofread this pleading. The Court finds that 2.0 hours is appropriate to draft Plaintiff's reply brief and 1.0 hour is

-3-

appropriate to proofread such. Finally, counsel asserts that he spent 1.0 hour reading the Court's Opinion in this matter. The Court finds that only .5 hour is properly compensable. In sum, while counsel seeks to recover for 23.5 hours for work performed, the Court finds that only 18.5 hours of such work is properly compensable, at a rate of $125 per hour, for a total compensation of $2,312.50 for counsel's work performed.[1]

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Costs (Dkt. No. 21) is **GRANTED IN PART AND DENIED IN PART**. Specifically, counsel is hereby awarded two-thousand eight hundred eighty-two dollars and fifty cents ($2,882.50) pursuant to the Equal Access to Justice Act.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
      January 22, 2007  RICHARD ALAN ENSLEN
           SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The rate applied to attorney fees is the statutory rate of $125 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii). Although counsel states in the body of the Motion that he is requesting compensation at a rate of $150 per hour, the total amount requested in the Motion for Fees is consistent with the rates awarded by the Court: 11.5 hours at $60 per hour equals $690; 23.5 hours at a rate of $125 per hours equals $2,937.50, for a total amount requested of $3,627.50.